**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   STEPHAN MANN JEFFRIES,                No C-09-4339 VRW (PR)

12                Petitioner,

13         v                        ORDER TO SHOW CAUSE

14   TIM VIRGA, Warden,

15                Respondent.

16   _____/

17

18         Petitioner, a state prisoner at the Sierra Conservation

19   Center in Jamestown, California, has filed a pro se petition for a

20   writ of habeas corpus under 28 USC § 2254 challenging a judgment of

21   conviction from Napa County superior court.

22

23                              I

24         In 2006, petitioner was convicted by jury of two counts of

25   vehicular manslaughter with gross negligence based upon an

26   automobile collision he caused that resulted in the deaths of two

27   people and serious injury to four others.  The jury also found true

28   great bodily injury sentencing enhancements.  Petitioner was

**United States District Court**
For the Northern District of California

1  sentenced to eleven years and four months in state prison.  Doc #1

2  at 3.

3      The California court of appeal affirmed the judgment of

4  the trial court in an unpublished opinion.  <u>People v Jeffries</u>, No

5  A114243, 2008 WL 571257 (Cal Ct App Mar 4, 2008).  The California

6  Supreme Court denied review on June 11, 2008.  <u>Id</u>.

7

8                                    II

9      This court may entertain a petition for a writ of habeas

10  corpus "in behalf of a person in custody pursuant to the judgment of

11  a State court only on the ground that he is in custody in violation

12  of the Constitution or laws or treaties of the United States."  28

13  USC § 2254(a).  It shall "award the writ or issue an order directing

14  the respondent to show cause why the writ should not be granted,

15  unless it appears from the application that the applicant or person

16  detained is not entitled thereto."  Id § 2243.

17      Petitioner seeks federal habeas corpus relief by raising

18  claims that:  (1) the prosecutor engaged in misconduct at various

19  points during trial; (2) the evidence was insufficient to prove the

20  great bodily injury sentencing enhancements; and (3) the jury was

21  instructed improperly regarding the great bodily injury sentencing

22  enhancements.  Liberally construed, these claims appear cognizable

23  under § 2254 and merit an answer from respondent.  See <u>Zichko v</u>

24  <u>Idaho</u>, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must

25  construe pro se petitions for writs of habeas corpus liberally).

26      Petitioner also claims that California law precludes

27  imposition of the great bodily injury sentencing enhancements to his

28

                                    2

**United States District Court**
For the Northern District of California

1  convictions of vehicular manslaughter with gross negligence.  A

2  person in custody pursuant to the judgment of a state court may

3  obtain a federal writ of habeas corpus only on the ground that he is

4  in custody in violation of the Constitution or laws or treaties of

5  the United States.  28 USC § 2254(a).  In other words, a writ of

6  habeas corpus is available under § 2254(a) "only on the basis of

7  some transgression of federal law binding on the state courts."

8  <u>Middleton v Cupp</u>, 768 F2d 1083, 1085 (9th Cir 1985) (citing <u>Engle v</u>

9  <u>Isaac</u>, 456 US 107, 119 (1982)), cert denied, 478 US 1021 (1986); see

10  also <u>Peltier v Wright</u>, 15 F3d 860, 861-62 (9th Cir 1994) (federal

11  writ of habeas corpus is unavailable for violations of state law or

12  for alleged error in the interpretation or application of state

13  law).

14          Because petitioner's claim that California law precludes

15  imposition of the great bodily injury sentencing enhancements to his

16  convictions of vehicular manslaughter with gross negligence concerns

17  the erroneous application of state law and asserts no federal

18  constitutional violation, it is not cognizable in a federal habeas

19  action.  <u>Estelle v McGuire</u>, 502 US 62, 67-68 (1991).  This claim,

20  therefore, is DISMISSED.

21

22                              III

23      For the foregoing reasons and for good cause shown,

24      1.   The clerk shall serve by certified mail a copy of

25  this order and the petition, and all attachments thereto, on

26  respondent and respondent's attorney, the Attorney General of the

27  State of California.  The clerk also shall serve a copy of this

28
                              3

1 | order on petitioner.

2 |         2.    Respondent shall file with the court and serve on
3 | petitioner, within sixty (60) days of the issuance of this order, an
4 | answer conforming in all respects to Rule 5 of the Rules Governing
5 | Section 2254 Cases, showing cause why a writ of habeas corpus should
6 | not be granted.  Respondent shall file with the answer and serve on
7 | petitioner a copy of all portions of the state trial record that
8 | have been transcribed previously and that are relevant to a
9 | determination of the issues presented by the petition.

10 |        If petitioner wishes to respond to the answer, he shall do
11 | so by filing a traverse with the court and serving it on respondent
12 | within thirty (30) days of his receipt of the answer.

13 |        3.    In lieu of an answer, respondent may file a motion to
14 | dismiss on procedural grounds as set forth in the Advisory Committee
15 | Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If
16 | respondent files such a motion, petitioner shall file with the court
17 | and serve on respondent an opposition or statement of non-opposition
18 | within thirty (30) days of receipt of the motion, and respondent
19 | shall file with the court and serve on petitioner a reply within
20 | fifteen (15) days of receipt of any opposition.

21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //

28 |

**United States District Court**
For the Northern District of California

**4**

1         4.    Petitioner is reminded that all communications with

2    the court must be served on respondent by mailing a true copy of the

3    document to respondent's counsel.   Petitioner also must keep the

4    court and all parties informed of any change of address.

5

6         IT IS SO ORDERED.

7

8    _____

9    **VAUGHN R WALKER**
     **United States District Chief Judge**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   G:\PRO-SE\VRW\HC.09\Jeffries-09-4339-osc.wpd

27

28

**United States District Court**
For the Northern District of California

5