1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEPHEN MANN JEFFRIES,                          No. C 09-4339 LHK (PR)

        Petitioner,                              **ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

        v.

TIM VIGRA, Warden,

        Respondent.
_____/

**INTRODUCTION**

     This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner.  For the reasons set forth below, the petition is DENIED.

**BACKGROUND**

     In 2006, a Napa County Superior Court jury found Petitioner guilty of vehicular manslaughter with gross negligence, and found true various enhancement allegations.  Consequent to the verdicts, the trial court sentenced Petitioner to eleven years and four months in state prison.  Petitioner filed the instant federal habeas action after being denied relief on state direct review.  It appears Petitioner did not seek state habeas relief.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7

Evidence presented at trial demonstrates that in 2005, Petitioner, possibly intoxicated on methamphetamine,[1] drove erratically on a crowded highway for some time, often crossing the yellow line separating his lane from that of on-coming traffic. Petitioner eventually swerved directly into on-coming traffic, and, when trying to correct his direction, drove into a van occupied by six women. Two later died of their injuries, and the other four were seriously injured. (Ans., Ex. F at 1–3.) At trial, Petitioner contended that he was guilty of vehicular manslaughter with ordinary, not gross, negligence.

8
9
10
11

As grounds for federal habeas relief, Petitioner alleges that (1) the prosecutor engaged in misconduct; (2) the evidence was insufficient to prove the great bodily injury sentencing enhancements; (3) the jury was improperly instructed regarding the great bodily injury sentencing enhancements.

12

## STANDARD OF REVIEW

13
14
15
16
17
18
19
20
21

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

22
23
24
25
26

[1] "[Petitioner] told a doctor at the hospital that he had consumed methamphetamine. Tests confirmed the presence of methamphetamine in [Petitioner's] bloodstream, but an expert testified the test was inconclusive as to whether [Petitioner] was under the influence at the time of the accident or whether the numbers indicated residuals from earlier use." (Ans., Ex. F at 3.)

27
28

No. C 09-4339 LHK (PR)
ORDER DENYING PETITION

1      "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

2   court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

3   law or if the state court decides a case differently than [the] Court has on a set of materially

4   indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

5      "Under the 'unreasonable application' clause, a federal habeas court may grant the

6   writ if the state court identifies the correct governing legal principle from [the] Court's

7   decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at

8   413. "[A] federal habeas court may not issue the writ simply because that court concludes in

9   its independent judgment that the relevant state-court decision applied clearly established

10  federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

11  *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask

12  whether the state court's application of clearly established federal law was "objectively

13  unreasonable." *Id.* at 409.

**DISCUSSION**

14

15  **I.    Alleged Prosecutorial Misconduct**

16      Petitioner claims that the prosecutor committed misconduct by (A) inviting the jury to

17  consider punishment when the prosecutor referred to special allegations, (B) arguing that the

18  mental state necessary for vehicular manslaughter with gross negligence was the same as the

19  mental state necessary for vehicular manslaughter with ordinary negligence, and (C)

20  appealing to the jurors' sympathies for the victims.  (Pet. at 12–17.)

21      A defendant's due process rights are violated when a prosecutor's misconduct renders

22  a trial "fundamentally unfair." *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  Under

23  *Darden*, a federal court must determine whether the prosecutor's remarks were improper, and

24  if so, whether the improper conduct infected the trial with unfairness. *Tan v. Runnels*, 413

25  F.3d 1101, 1112 (9th Cir. 2005).  The fairness of a petitioner's trial may be measured by

26  considering "(1) whether the prosecutor's comments manipulated or misstated the evidence;

27  (2) whether the trial court gave a curative instruction; (3) the weight of the evidence against

28

United States District Court
For the Northern District of California

No. C 09-4339 LHK (PR)
ORDER DENYING PETITION

1    the accused." *Id*. at 1115; *Darden*, 477 U.S. at 181–82.

2        **A.    Prosecutor's References to Special Allegations**

3        Petitioner claims that the prosecutor committed misconduct by referring to special

4    allegations and inviting the jury to consider punishment in their deliberations.  (Pet. at 12.)

5    The relevant facts are as follows:

6        The prosecutor argued:  "[W]hy do you think that . . . he's admitting that he's
         guilty of the homicide, of the vehicular homicide with simple negligence?
7        When you get the verdict form, you'll see there [are] no special allegations that
         apply to that charge."  Defense counsel interposed an objection and the court
8        admonished the jury as follows:  "I have given you the instructions, or most of
         the instructions.  And again, I'll just indicate . . . that the consequences are
9        something that the jury is not to consider during your deliberations."  Twice
         thereafter the prosecutor made reference to the absence of any special
10       allegations, stating:  "[He] wants you to go ahead and find him guilty of this
         one offense that doesn't have any of the special allegations with it," and "[O]f
11       course [he] wants you to find this one offense without the special allegations."
         [Petitioner] did not object to either of the two subsequent references.

12

13   (Ans., Ex. F at 5–6 n.2.)  Defense counsel raised no objection.  The state appellate court

14   rejected Petitioner's claim.  First, it concluded that even if there was misconduct, it was

15   harmless because the trial court issued curative instructions.  Second, by failing to object,

16   Petitioner waived any claims of prosecutorial misconduct as to the two subsequent

     references.
17

18       Petitioner's claim cannot succeed.  Even if the prosecutor's comments were improper,

19   Petitioner has not shown prejudice.  First, the trial court immediately gave a curative

20   instruction, and later gave further relevant instructions.  Jurors are presumed to follow their

21   instructions.  *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987).  Petitioner's mere

22   allegations are insufficient to overcome this presumption.  Second, Petitioner's claims

23   regarding the two subsequent comments are procedurally defaulted, and therefore barred

24   from federal habeas review, under the contemporaneous-objection rule because defense

25   counsel failed to object at trial.  *See Coleman v. Thompson*, 501 U.S. 772, 749–50 (1991),

26   and *Paulino v. Castro*, 371 F.3d 1083, 1092–93 (9th Cir. 2004).  Third, the evidence against

27   Petitioner was quite strong.  The record shows that Petitioner drove on a crowded freeway at

28

No. C 09-4339 LHK (PR)
ORDER DENYING PETITION

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   roughly 60 miles an hour, and continually took his eyes off the road for prolonged periods,

2   apparently to look for something in his vehicle.  This deliberate inattention caused Petitioner

3   to swerve repeatedly, eventually into on-coming traffic in the opposite lane, and then, when

4   trying to correct his direction, Petitioner swerved into the van.  Given the weight of the

5   evidence and the trial court's curative instruction, Petitioner has not shown that the

6   prosecutor's comments rendered his trial fundamentally unfair.  Accordingly, the claim is

7   DENIED.

8           **B.      Prosecutor's Discussion of Mental State**

9           Petitioner claims that the prosecutor committed misconduct by misstating the law on

10  ordinary and gross negligence in his discussion of general criminal intent.  (Pet. at 15.)  The

11  prosecutor said,

12          Well, he wants us to believe that there is no intent that's been proven in this
            case, that he didn't do anything on purpose, et cetera, et cetera, but it's the
13          same intent for this charge that he says he's guilty of as all the other charges.
            It's the same intent.  General criminal intent, that he did something on purpose
14          and intentionally, he wasn't unconscious, he wasn't walking around in some
            kind of altered state.  He was — he did it intentionally.  He was intentionally
15          driving the car . . . That's what we're talking about as far as general intent, that
            he did it.  And he knew, he was driving a vehicle. . .
16
17  (Ans., Ex. B at 3229–30.)  Defense counsel raised no objection.  The state appellate court

18  rejected this claim on the grounds that even if the prosecutor misstated the law, the trial court

19  gave the correct instructions on negligence.  Also, the claim was waived for lack of timely

20  objection.  (*Id.*, Ex. F at 7–8.).

21          Petitioner's claim is without merit.  First, it is procedurally defaulted, and therefore

22  barred from federal habeas review, under the contemporaneous-objection rule because

23  defense counsel did not raise an objection.  *See Coleman*, 501 U.S. at 749–50, and *Paulino*,

24  371 F.3d at 1092–93.  Second, the prosecutor did differentiate between the mental state for

25  ordinary negligence and the mental state for gross negligence in his closing argument:

26          Gross negligence involves more than ordinary carelessness, more than inattention or
            mistake in judgment.  It — a person is grossly negligent when he acts in a reckless
27          way that creates a high risk of death or injury, great bodily injury, that — something
            that a reasonable person would have known was creating such a risk . . . And a further

28

United States District Court
For the Northern District of California

definition is that when a person acts with gross negligence, he acts — his acts are so different from what an ordinary person would do in the same situation that it amounts to a disregard for human life and indifference to the consequence of that act.

(Ans., Ex. B at 3157.)  Third, Petitioner has not shown prejudice.  The trial court (1) instructed the jury that it was to follow only the court's instructions on the law, id., Ex. A at 140, and (2) gave the correct instructions on the charged offenses, *id.* at 165–166.  Jurors are presumed to follow their instructions.  *See Marsh*, 481 U.S. at 206.  Furthermore, as detailed above, the evidence in support of Petitioner's guilt was strong.  Accordingly, the claim is DENIED.

### C.    Appeal to Jurors' Sympathies

Petitioner claims that the prosecutor committed misconduct by asking the jurors to consider their personal feelings about the tragedy and victims in deciding the case.  (Pet. at 12.)  However, the trial court instructed the jurors not to consider their personal feelings in their deliberations.  (Ans., Ex. A at 140.)  Jurors are presumed to follow the court's instructions.  *See Marsh*, 481 U.S. at 206.  Also, defense counsel did not raise an objection. Thus, the claim is procedurally defaulted and barred from federal habeas review under the contemporaneous-objection rule.  *See Coleman*, 501 U.S. at 749–50, and *Paulino*, 371 F.3d at 1092–93.  Accordingly, the claim is DENIED.

## II.    Sufficiency of Evidence

Petitioner claims that there was insufficient evidence to support the general intent element of California Penal Code Section 12022.7(a), one of the great bodily injury enhancement allegations the jury found true.  (Pet. at 21.)  Specifically, Petitioner alleges that he did not intend to inflict injury on the victims in the van.  (*Id.*)  He also argues that the evidence supported only the conclusion that his act of driving across the center line on the highway was accidental rather than intentional.  (Pet. at 22.)

The state appellate court rejected Petitioner's claim, stating:

Section 12022.7, subdivision (a) does not require any intent, be it general or specific, to cause or inflict injury. . . .  "The section has been interpreted to require only a general criminal intent, i.e., the defendant

1    need not intend great bodily injury result, the only intent required is that
     for the underlying felony." [Citations removed.]

2

3    The intent required for the underlying felony, i.e., vehicular
     manslaughter with gross negligence, is the general intent to drive the
     vehicle in an unlawful manner [citation removed] with gross negligence.
4    [Footnote removed.] The evidence of general intent to drive in an
     unlawful manner was substantial. The specific unlawful act alleged was
5    that [Petitioner] drove across the double yellow line in violation of
     Vehicle Code section 21460, subdivision (a). [A witness] testified that
6    [Petitioner] was weaving over towards the shoulder on the left-hand
     side. He was crossing that yellow line "pretty consistently." It is
7    inferable that [Petitioner] was aware that looking down or over into the
     passenger seat was causing him to swerve close to, or across, the yellow
8    line. Nonetheless, he continued to engage in this behavior until he went
     all the way over onto the opposite shoulder, and then deliberately
9    swerved back into the oncoming traffic. This evidence supports a
     finding that he had general intent to drive the vehicle in an unlawful
10   manner by crossing the double yellow line.

11   (Ans., Ex. F at 10–11.)

12       A federal court reviewing collaterally a state court conviction does not determine

13   whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v.*

14   *Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after

15   viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

16   could have found the essential elements of the crime beyond a reasonable doubt.'" *See id*.

17   (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Only if no rational trier of fact

18   could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *See*

19   *Jackson*, 443 U.S. at 324.

20       Here, a rational trier of fact could find the elements of the crime beyond a reasonable

21   doubt. As the state appellate court pointed out, the evidence showed that Petitioner

22   repeatedly took his eyes off the road and swerved in his lane "pretty consistently." From

23   this, a rational trier of fact could infer that Petitioner was aware that his manner of driving

24   brought him close to or across the double yellow line. The evidence also shows that

25   Petitioner did not cease this behavior, but continued to take his eyes off the road, causing him

26   to swerve. This evidence supports a jury's finding that Petitioner had the general intent to

27   drive the vehicle in an unlawful manner by crossing the double yellow line, and that he

28

United States District Court
For the Northern District of California

7

1   therefore had the general intent to commit vehicular manslaughter.  Accordingly, the claim is

2   DENIED.

3   **III.    Jury Instructions Pertaining to Great Bodily Injury Enhancements**

4           Petitioner claims that the jury instructions failed to inform the jury that general intent

5   is an element of the Section 12022.7 enhancements.  (Pet. at 23.)  Specifically, Petitioner

6   contends that "nothing instructed the jury that the mental state of the substantive offense

7   differed from that of the [Section] 12022.7 enhancement."  (Pet. at 24.)

8           The state appellate court rejected Petitioner's claim of instructional error:

9           Finally, [Petitioner] contends that because CALCRIM No. 3160
            pertaining to the section 12022.7 enhancements does not include any
10          instruction defining general intent, the jury could conclude that it need
            not find general intent, i.e., that [Petitioner] intentionally committed the
11          unlawful act of the underlying felony of vehicular manslaughter.
            The instructions were correct.  The court also gave CALCRIM No. 250,
12          which explains, "In order to be guilty of the crimes charged, a person
            must not only commit the prohibited act, *but must do so intentionally or*
13          *on purpose*."  (Italics added.)   This instruction states that it applies to
            "[e]very crime charged in this case."  [Petitioner] acknowledges this
14          instruction on general intent was given, but suggests that the jury might
            conclude that it was inapplicable to its finding under section 12022.7
15          because it is an enhancement allegation, not a "crime."  Even if we
            assume arguendo that there is a reasonable likelihood the jury would so
16          construe the instructions, the claimed error would be harmless under any
            standard.  The only intent required for section 12022.7 is the general
17          intent to commit the underlying felony, to which CALCRIM No. 250
            plainly applies.  Therefore the jury's finding that [Petitioner] committed
18          vehicular manslaughter with gross negligence necessarily included a
            determination that he had the requisite intent for the related section
19          12022.7 enhancement.

20  (Ans., Ex. F at 11–12.)

21          To obtain federal collateral relief for errors in the jury charge, a petitioner must show

22  that the ailing instruction by itself so infected the entire trial that the resulting conviction

23  violates due process.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  The instruction may

24  not be judged in artificial isolation, but must be considered in the context of the instructions

25  as a whole and the trial record.  *Id.*  In other words, the court must evaluate jury instructions

26  in the context of the overall charge to the jury as a component of the entire trial process.

27  *United States v. Frady*, 456 U.S. 152, 169 (1982).

28

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1

2          In reviewing an ambiguous instruction, the inquiry is not how reasonable jurors could

3   or would have understood the instruction as a whole; rather, the court must inquire whether

4   there is a "reasonable likelihood" that the jury has applied the challenged instruction in a way

5   that violates the Constitution. *See Estelle*, 502 U.S. at 72 n.4.  A determination that there is a

6   reasonable likelihood that the jury has applied the challenged instruction in a way that

7   violates the Constitution establishes only that an error has occurred. *See Calderon v.*

8   *Coleman*, 525 U.S. 141, 146 (1998).  If an error is found, the court also must determine that

9   the error had a substantial and injurious effect or influence in determining the jury's verdict,

10  *see Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), before granting relief in habeas

11  proceedings.  *See Calderon*, 525 U.S. at 146–47.

12          The great bodily injury enhancement instruction did not violate due process.

13  In the context of the instructions as a whole, there is not a reasonable likelihood that the jury

14  applied CALCRIM No. 3160 in a way that violates the Constitution.  As the state appellate

15  court discussed, "the only intent required [for Section 12022.7] is that for the underlying

16  felony."  *Lewis*, 120 Cal. App. 4th at 853.  Petitioner acknowledges that the trial court

17  correctly instructed the jury with respect to the intent required for the underlying vehicular

18  manslaughter charges pursuant to CALCRIM 250.  (Pet. at 24.)  Because the intent required

19  for vehicular manslaughter is the same as the intent required for the Section 12022.7

20  enhancements, the jury's finding that Petitioner acted with the requisite intent for vehicular

21  manslaughter necessarily means that it found that Petitioner acted with the requisite intent for

22  the enhancements.   Accordingly, the claim is DENIED.

23                              **CONCLUSION**

24          Accordingly, Petitioner's claims, and therefore the petition, are DENIED because he

25  has failed to show that there was "no reasonable basis for the state court to deny relief,"

26  *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011), that is, he has not shown that the state

27  court's decision as to the above claims was contrary to, or involved an unreasonable

28

No. C 09-4339 LHK (PR)
ORDER DENYING PETITION

1    application of, clearly established Supreme Court precedent.

2         A certificate of appealability will not issue.  Reasonable jurists would not "find the

3    district court's assessment of the constitutional claims debatable or wrong."  *Slack v.*

4    *McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from

5    the Court of Appeals.

6         The Clerk shall enter judgment in favor of Respondent and close the file.

7         **IT IS SO ORDERED.**

8    DATED:  September 6, 2011

9                                          LUCY H. KOH
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 09-4339 LHK (PR)
ORDER DENYING PETITION