UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN MANN JEFFRIES,<br><br>   Petitioner,<br><br>   v.<br><br>TIM VIGRA, Warden,<br><br>   Respondent._____/ | No. C 09-4339 LHK (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2006, a Napa County Superior Court jury found Petitioner guilty of vehicular manslaughter with gross negligence, and found true various enhancement allegations. Consequent to the verdicts, the trial court sentenced Petitioner to eleven years and four months in state prison. Petitioner filed the instant federal habeas action after being denied relief on state direct review. It appears Petitioner did not seek state habeas relief.

Evidence presented at trial demonstrates that in 2005, Petitioner, possibly intoxicated on methamphetamine,[1] drove erratically on a crowded highway for some time, often crossing the yellow line separating his lane from that of on-coming traffic. Petitioner eventually swerved directly into on-coming traffic, and, when trying to correct his direction, drove into a van occupied by six women. Two later died of their injuries, and the other four were seriously injured. (Ans., Ex. F at 1–3.) At trial, Petitioner contended that he was guilty of vehicular manslaughter with ordinary, not gross, negligence.

As grounds for federal habeas relief, Petitioner alleges that (1) the prosecutor engaged in misconduct; (2) the evidence was insufficient to prove the great bodily injury sentencing enhancements; (3) the jury was improperly instructed regarding the great bodily injury sentencing enhancements.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1] "[Petitioner] told a doctor at the hospital that he had consumed methamphetamine. Tests confirmed the presence of methamphetamine in [Petitioner's] bloodstream, but an expert testified the test was inconclusive as to whether [Petitioner] was under the influence at the time of the accident or whether the numbers indicated residuals from earlier use." (Ans., Ex. F at 3.)

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I. Alleged Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct by (A) inviting the jury to consider punishment when the prosecutor referred to special allegations, (B) arguing that the mental state necessary for vehicular manslaughter with gross negligence was the same as the mental state necessary for vehicular manslaughter with ordinary negligence, and (C) appealing to the jurors' sympathies for the victims. (Pet. at 12–17.)

A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Under *Darden*, a federal court must determine whether the prosecutor's remarks were improper, and if so, whether the improper conduct infected the trial with unfairness. *Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005). The fairness of a petitioner's trial may be measured by considering "(1) whether the prosecutor's comments manipulated or misstated the evidence; (2) whether the trial court gave a curative instruction; (3) the weight of the evidence against

the accused." *Id*. at 1115; *Darden*, 477 U.S. at 181–82.

### A. Prosecutor's References to Special Allegations

Petitioner claims that the prosecutor committed misconduct by referring to special allegations and inviting the jury to consider punishment in their deliberations. (Pet. at 12.) The relevant facts are as follows:

> The prosecutor argued: "[W]hy do you think that . . . he's admitting that he's guilty of the homicide, of the vehicular homicide with simple negligence? When you get the verdict form, you'll see there [are] no special allegations that apply to that charge." Defense counsel interposed an objection and the court admonished the jury as follows: "I have given you the instructions, or most of the instructions. And again, I'll just indicate . . . that the consequences are something that the jury is not to consider during your deliberations." Twice thereafter the prosecutor made reference to the absence of any special allegations, stating: "[He] wants you to go ahead and find him guilty of this one offense that doesn't have any of the special allegations with it," and "[O]f course [he] wants you to find this one offense without the special allegations." [Petitioner] did not object to either of the two subsequent references.

(Ans., Ex. F at 5–6 n.2.) Defense counsel raised no objection. The state appellate court rejected Petitioner's claim. First, it concluded that even if there was misconduct, it was harmless because the trial court issued curative instructions. Second, by failing to object, Petitioner waived any claims of prosecutorial misconduct as to the two subsequent references.

Petitioner's claim cannot succeed. Even if the prosecutor's comments were improper, Petitioner has not shown prejudice. First, the trial court immediately gave a curative instruction, and later gave further relevant instructions. Jurors are presumed to follow their instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Petitioner's mere allegations are insufficient to overcome this presumption. Second, Petitioner's claims regarding the two subsequent comments are procedurally defaulted, and therefore barred from federal habeas review, under the contemporaneous-objection rule because defense counsel failed to object at trial. *See Coleman v. Thompson*, 501 U.S. 772, 749–50 (1991), and *Paulino v. Castro*, 371 F.3d 1083, 1092–93 (9th Cir. 2004). Third, the evidence against Petitioner was quite strong. The record shows that Petitioner drove on a crowded freeway at

1  roughly 60 miles an hour, and continually took his eyes off the road for prolonged periods,
2  apparently to look for something in his vehicle.  This deliberate inattention caused Petitioner
3  to swerve repeatedly, eventually into on-coming traffic in the opposite lane, and then, when
4  trying to correct his direction, Petitioner swerved into the van.  Given the weight of the
5  evidence and the trial court's curative instruction, Petitioner has not shown that the
6  prosecutor's comments rendered his trial fundamentally unfair.  Accordingly, the claim is
7  DENIED.

### B. Prosecutor's Discussion of Mental State

Petitioner claims that the prosecutor committed misconduct by misstating the law on ordinary and gross negligence in his discussion of general criminal intent.  (Pet. at 15.)  The prosecutor said,

> Well, he wants us to believe that there is no intent that's been proven in this case, that he didn't do anything on purpose, et cetera, et cetera, but it's the same intent for this charge that he says he's guilty of as all the other charges. It's the same intent.  General criminal intent, that he did something on purpose and intentionally, he wasn't unconscious, he wasn't walking around in some kind of altered state.  He was — he did it intentionally.  He was intentionally driving the car . . . That's what we're talking about as far as general intent, that he did it.  And he knew, he was driving a vehicle. . .

(Ans., Ex. B at 3229–30.)  Defense counsel raised no objection.  The state appellate court rejected this claim on the grounds that even if the prosecutor misstated the law, the trial court gave the correct instructions on negligence.  Also, the claim was waived for lack of timely objection.  (*Id.*, Ex. F at 7–8.).

Petitioner's claim is without merit.  First, it is procedurally defaulted, and therefore barred from federal habeas review, under the contemporaneous-objection rule because defense counsel did not raise an objection.  *See Coleman*, 501 U.S. at 749–50, and *Paulino*, 371 F.3d at 1092–93.  Second, the prosecutor did differentiate between the mental state for ordinary negligence and the mental state for gross negligence in his closing argument:

> Gross negligence involves more than ordinary carelessness, more than inattention or mistake in judgment.  It — a person is grossly negligent when he acts in a reckless way that creates a high risk of death or injury, great bodily injury, that — something that a reasonable person would have known was creating such a risk . . . And a further

1
2      definition is that when a person acts with gross negligence, he acts — his acts are so different from what an ordinary person would do in the same situation that it amounts to a disregard for human life and indifference to the consequence of that act.

3  (Ans., Ex. B at 3157.)  Third, Petitioner has not shown prejudice.  The trial court
4  (1) instructed the jury that it was to follow only the court's instructions on the law, id., Ex. A
5  at 140, and (2) gave the correct instructions on the charged offenses, *id.* at 165–166.  Jurors
6  are presumed to follow their instructions.  *See Marsh*, 481 U.S. at 206.  Furthermore, as
7  detailed above, the evidence in support of Petitioner's guilt was strong.  Accordingly, the
8  claim is DENIED.

9  **C.  Appeal to Jurors' Sympathies**

10  Petitioner claims that the prosecutor committed misconduct by asking the jurors to
11  consider their personal feelings about the tragedy and victims in deciding the case.  (Pet. at
12  12.)  However, the trial court instructed the jurors not to consider their personal feelings in
13  their deliberations.  (Ans., Ex. A at 140.)  Jurors are presumed to follow the court's
14  instructions.  *See Marsh*, 481 U.S. at 206.  Also, defense counsel did not raise an objection.
15  Thus, the claim is procedurally defaulted and barred from federal habeas review under the
16  contemporaneous-objection rule.  *See Coleman*, 501 U.S. at 749–50, and *Paulino*, 371 F.3d
17  at 1092–93.  Accordingly, the claim is DENIED.

18  **II.  Sufficiency of Evidence**

19  Petitioner claims that there was insufficient evidence to support the general intent
20  element of California Penal Code Section 12022.7(a), one of the great bodily injury
21  enhancement allegations the jury found true.  (Pet. at 21.)  Specifically, Petitioner alleges that
22  he did not intend to inflict injury on the victims in the van.  (*Id.*)  He also argues that the
23  evidence supported only the conclusion that his act of driving across the center line on the
24  highway was accidental rather than intentional.  (Pet. at 22.)

25      The state appellate court rejected Petitioner's claim, stating:

26      Section 12022.7, subdivision (a) does not require any intent, be it general or specific, to cause or inflict injury. . . . "The section has been
27      interpreted to require only a general criminal intent, i.e., the defendant

28

> need not intend great bodily injury result, the only intent required is that for the underlying felony." [Citations removed.]
>
> The intent required for the underlying felony, i.e., vehicular manslaughter with gross negligence, is the general intent to drive the vehicle in an unlawful manner [citation removed] with gross negligence. [Footnote removed.] The evidence of general intent to drive in an unlawful manner was substantial. The specific unlawful act alleged was that [Petitioner] drove across the double yellow line in violation of Vehicle Code section 21460, subdivision (a). [A witness] testified that [Petitioner] was weaving over towards the shoulder on the left-hand side. He was crossing that yellow line "pretty consistently." It is inferable that [Petitioner] was aware that looking down or over into the passenger seat was causing him to swerve close to, or across, the yellow line. Nonetheless, he continued to engage in this behavior until he went all the way over onto the opposite shoulder, and then deliberately swerved back into the oncoming traffic. This evidence supports a finding that he had general intent to drive the vehicle in an unlawful manner by crossing the double yellow line.

(Ans., Ex. F at 10–11.)

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *See id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *See Jackson*, 443 U.S. at 324.

Here, a rational trier of fact could find the elements of the crime beyond a reasonable doubt. As the state appellate court pointed out, the evidence showed that Petitioner repeatedly took his eyes off the road and swerved in his lane "pretty consistently." From this, a rational trier of fact could infer that Petitioner was aware that his manner of driving brought him close to or across the double yellow line. The evidence also shows that Petitioner did not cease this behavior, but continued to take his eyes off the road, causing him to swerve. This evidence supports a jury's finding that Petitioner had the general intent to drive the vehicle in an unlawful manner by crossing the double yellow line, and that he

1 therefore had the general intent to commit vehicular manslaughter. Accordingly, the claim is
2 DENIED.

### III. Jury Instructions Pertaining to Great Bodily Injury Enhancements

Petitioner claims that the jury instructions failed to inform the jury that general intent is an element of the Section 12022.7 enhancements. (Pet. at 23.) Specifically, Petitioner contends that "nothing instructed the jury that the mental state of the substantive offense differed from that of the [Section] 12022.7 enhancement." (Pet. at 24.)

The state appellate court rejected Petitioner's claim of instructional error:

> Finally, [Petitioner] contends that because CALCRIM No. 3160 pertaining to the section 12022.7 enhancements does not include any instruction defining general intent, the jury could conclude that it need not find general intent, i.e., that [Petitioner] intentionally committed the unlawful act of the underlying felony of vehicular manslaughter. The instructions were correct. The court also gave CALCRIM No. 250, which explains, "In order to be guilty of the crimes charged, a person must not only commit the prohibited act, *but must do so intentionally or on purpose*." (Italics added.) This instruction states that it applies to "[e]very crime charged in this case." [Petitioner] acknowledges this instruction on general intent was given, but suggests that the jury might conclude that it was inapplicable to its finding under section 12022.7 because it is an enhancement allegation, not a "crime." Even if we assume arguendo that there is a reasonable likelihood the jury would so construe the instructions, the claimed error would be harmless under any standard. The only intent required for section 12022.7 is the general intent to commit the underlying felony, to which CALCRIM No. 250 plainly applies. Therefore the jury's finding that [Petitioner] committed vehicular manslaughter with gross negligence necessarily included a determination that he had the requisite intent for the related section 12022.7 enhancement.

(Ans., Ex. F at 11–12.)

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Id*. In other words, the court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982).

In reviewing an ambiguous instruction, the inquiry is not how reasonable jurors could or would have understood the instruction as a whole; rather, the court must inquire whether there is a "reasonable likelihood" that the jury has applied the challenged instruction in a way that violates the Constitution. *See Estelle*, 502 U.S. at 72 n.4. A determination that there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution establishes only that an error has occurred. *See Calderon v. Coleman*, 525 U.S. 141, 146 (1998). If an error is found, the court also must determine that the error had a substantial and injurious effect or influence in determining the jury's verdict, *see Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), before granting relief in habeas proceedings. *See Calderon*, 525 U.S. at 146–47.

The great bodily injury enhancement instruction did not violate due process. In the context of the instructions as a whole, there is not a reasonable likelihood that the jury applied CALCRIM No. 3160 in a way that violates the Constitution. As the state appellate court discussed, "the only intent required [for Section 12022.7] is that for the underlying felony." *Lewis*, 120 Cal. App. 4th at 853. Petitioner acknowledges that the trial court correctly instructed the jury with respect to the intent required for the underlying vehicular manslaughter charges pursuant to CALCRIM 250. (Pet. at 24.) Because the intent required for vehicular manslaughter is the same as the intent required for the Section 12022.7 enhancements, the jury's finding that Petitioner acted with the requisite intent for vehicular manslaughter necessarily means that it found that Petitioner acted with the requisite intent for the enhancements. Accordingly, the claim is DENIED.

## CONCLUSION

Accordingly, Petitioner's claims, and therefore the petition, are DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011), that is, he has not shown that the state court's decision as to the above claims was contrary to, or involved an unreasonable

application of, clearly established Supreme Court precedent.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

DATED: September 6, 2011

LUCY H. KOH
United States District Judge